# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **JOHN SMILEY, SR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:24-cv-01512** |
| | ) | **Judge Trauger** |
| **CITY OF MEMPHIS, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff John Smiley, Sr., a Tennessee resident proceeding pro se, filed a Complaint for Violation of Civil Rights against the cities of Memphis, Nashville, Dallas/Fort Worth, and Atlanta; the Memphis and Nashville Police Departments; four counties (Shelby, Davidson, Wilson, and Rutherford) in Tennessee, and one county (DeSoto) in Mississippi. (Doc. No. 1.) The plaintiff filed an application for leave to proceed in forma pauperis (IFP). (Doc. No. 2.)

## I. APPLICATION TO PROCEED IFP

The plaintiff's IFP application lists monthly expenses that exceed his monthly income from his job as a delivery driver. It therefore sufficiently demonstrates that he cannot pay the full civil filing fee in advance "without undue hardship." *Foster v. Cuyahoga Dep't of Health and Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001). Accordingly, the IFP application (Doc. No. 2) is **GRANTED**. 28 U.S.C. § 1915(a).

## II. INITIAL REVIEW

A. <u>Legal Standard</u>

Under the pauper statute, 28 U.S.C. § 1915(e)(2)(B), the court must conduct an initial review and dismiss the Complaint if it is frivolous, malicious, fails to state a claim upon which

relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See also Ongori v. Hawkins*, No. 16-2781, 2017 WL 6759020, at \*1 (6th Cir. Nov. 15, 2017) ("[N]on-prisoners proceeding in forma pauperis are still subject to the screening requirements of § 1915(e)."). To determine whether the Complaint states a claim upon which relief may be granted, the court reviews for whether it alleges sufficient facts "to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A viable claim is stated under 42 U.S.C. § 1983 if the Complaint plausibly alleges (1) a deprivation of a constitutional or other federal right, and (2) that the deprivation was caused by a "state actor." *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014).

At this stage, "the Court assumes the truth of 'well-pleaded factual allegations' and 'reasonable inference[s]' therefrom," *Nat'l Rifle Ass'n of Am. v. Vullo*, 602 U.S. 175, 181 (2024) (quoting *Iqbal*, 556 U.S. at 678–79), but is "not required to accept legal conclusions or unwarranted factual inferences as true." *Inner City Contracting, LLC v. Charter Twp. of Northville, Michigan*, 87 F.4th 743, 749 (6th Cir. 2023) (citation omitted). The court must afford the pro se Complaint a liberal construction, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), while viewing it in the light most favorable to the plaintiff. *Inner City*, *supra*.

B. Factual Allegations

The Complaint seeks damages and other relief for claimed violations of the plaintiff's First, Fourth, and Fourteenth Amendment rights "based on his race," which is African American, and as the object of a conspiracy between and among the various municipal entity defendants. (Doc. No. 1 at 1, 4.) It alleges that the plaintiff "became the target of systematic surveillance and harassment by the Sumner County Police Department" on August 30, 2021, when unmarked police vehicles

2

followed him throughout Sumner County and his cellular communications were intercepted unlawfully. (*Id.* at 2.) The plaintiff then went to Memphis, where he attempted to deliver food to a customer who was "nasty and hostile." (*Id.*) When the plaintiff complained to the customer's "agency," the customer said she was in college but "she always comes through a group of people," including men who are always harassing the plaintiff. (*Id.*) The plaintiff reports that "[h]aving people copying your job, stealing your job, adding lies, and stealing your business is always done systematically to create hostility." (*Id.*) He alleges that he "resisted being assaulted," and that this was not an isolated incident but "has happened multiple times." (*Id.*)

> Moving to a description of events in Davidson County, the plaintiff alleges as follows:

> I frequently experienced issues with cars being parked behind me, consistently preventing me from picking up customers' food or packages. Citizens would block me in and prevent me from leaving businesses and at times sit on my car bumper with weapons (such [as] pistols, machetes, slung hammers, pipes, and d[o]gs) as intimidation and threatening acts against me. Police told citizens to release their dogs when I came around and I was attacked by a dog in Hendersonville, Tennessee while doing a delivery….

(*Id.*) The Complaint next describes an incident in Sumner County where an individual whom the plaintiff initially believed to be drag racing became aggressive towards him and first attempted to force the plaintiff off the road before moving into position to block the plaintiff's car, preventing him from leaving the area for a time. (*Id.* at 2–3.)

The Complaint describes two final incidents, one in Davidson County and one in Shelby County. In Davidson County, while the plaintiff was in the drive-thru at a Checkers restaurant to pick up a customer's order, the drive-thru window was closed and locked "and then a Nashville firetruck came through the drive-thru," ran the plaintiff out of it, and "chased [him] to Dickson, Tennessee." (*Id.* at 3.) Afraid for his life, the plaintiff drove on to Dallas, Texas, to a relative's home. (*Id.*) The plaintiff claims that this mistreatment by "a Nashville firetruck" was a result of

3

his social media activity "and being black." (*Id.*)

In Shelby County, on October 21, 2023, the plaintiff was driving in Memphis when unidentified "Defendants deliberately caused a collision with Plaintiff's vehicle, resulting in severe injuries including a broken neck." (*Id.*) The seriousness of the plaintiff's injuries was downplayed by Memphis police, who allowed his cell phone to be "stolen from the scene and never retrieved," together with the plaintiff's "GPS app which showed where [he] was heading or could be located." (*Id.*) The police then falsified the plaintiff's direction of travel in their report and released the person who hit him without further investigation, a sobriety test, a speeding ticket, or even a warning. (*Id.*) When the plaintiff attempted to file a police misconduct complaint, he was threatened with immediate arrest if he pursued his complaints, and "[u]nknown individuals believed to be acting in concert with defendants" subsequently came to his residence to intimidate him. (*Id.* at 3–4.)

C. Analysis

Upon review of the plaintiff's allegations and claims, the court finds that the Complaint fails to state a nonfrivolous ground for relief and is therefore subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i). "A suit may be dismissed as frivolous only when the plaintiff fails to present any claim with an arguable or rational basis in law or fact." *Huey v. Raymond*, 53 F. App'x 329, 330 (6th Cir. 2002) (citing, *e.g.*, *Neitzke v. Williams*, 490 U.S. 319, 325, 327–28 (1989)). Claims that are legally frivolous "include claims for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which clearly does not exist," while claims that are factually frivolous present "fantastic or delusional scenarios." *Id.* The latter type of frivolity is evident here.

4

Courts presented with factual allegations that are clearly baseless have the "discretion to refuse to accept without question the truth of [such] allegations." *Id.* at 331 (citing *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992)). In the case before the court, the factual scenario presented by the plaintiff is simply untenable and cannot be accepted as true. The gravamen of the Complaint—that since 2021 and "based on his race," the plaintiff was surveilled, harassed, and intimidated by law enforcement, fire department personnel, and cooperating citizens in multiple Tennessee counties while he performed his job as a delivery driver, "culminating in a deliberate vehicular incident" and cover-up in Memphis in October 2023 (Doc. No. 1 at 1, 2–3)—is plainly delusional and factually frivolous. These allegations are insufficient to support any plausible claims of First, Fourth, or Fourteenth Amendment violations against any of the municipal defendants named in the Complaint. In short, the plaintiff's failure to present any claim with an arguable or rational basis in fact justifies dismissal of this action as frivolous. *Huey*, 53 F. App'x at 330.

Alternatively, the Complaint is subject to dismissal for failure to state a claim that is timely under the applicable statute of limitations. The latest event described therein occurred on October 21, 2023—the date when the defendants' alleged "campaign of harassment, intimidation, and violence . . . culminat[ed] in a deliberate vehicular incident." (Doc. No. 1 at 1, 3.) The Complaint was dated and filed more than one year later, on December 30, 2024. (*See id.* at 4.) "Although the statute of limitations is an affirmative defense that a plaintiff ordinarily need not plead to state a claim, dismissal of the plaintiff's claim is appropriate when 'the allegations in the complaint affirmatively show that the claim is time-barred.'" *Wershe v. City of Detroit, Michigan*, 112 F.4th 357, 364 (6th Cir. 2024), *cert. denied sub nom. Wershe v. Detroit*, 145 S. Ct. 1128 (2025) (citing *Baltrusaitis v. Int'l Union, United Auto., Aerospace & Agric. Implement Workers*, 86 F.4th 1168,

5

1178 (6th Cir. 2023)). No statute of limitations expressly applies to claims under Section 1983, which instead "borrows the personal-injury statute of limitations from the state in which the claim arose." *Id.* at 365 (quoting *Zappone v. United States*, 870 F.3d 551, 559 (6th Cir. 2017)). In Tennessee, the applicable limitations period is one year. *Dibrell v. City of Knoxville, Tennessee*, 984 F.3d 1156, 1161 (6th Cir. 2021) (citing Tenn. Code Ann. § 28-3-104(a)(1)). In this case, the last incident complained of occurred in October 2023, so the December 2024 filing of this action would be untimely even if the Complaint were not factually frivolous.

### III. CONCLUSION

For the above reasons, this case is **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), or, alternatively, for failure to state a claim upon which relief may be granted pursuant to § 1915(e)(2)(B)(ii). Considering this disposition, the plaintiff's motion to ascertain status (Doc. No. 5) is **GRANTED**.

The Court **CERTIFIES** that any appeal from this dismissal would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

This is the final order in this action. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b)(1).

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge

6